133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAHAG TCHAKMAKJIAN, Plaintiff-Appellant,
v.
WILLIAM PERRY, SECRETARY, UNITED STATES DEPARTMENT OF
DEFENSE, Defendant-Appellee.
 No. 96-55669.
 United States Court of Appeals, Ninth Circuit.
 Dec. 17, 1997.**
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sahag Tchakmakjian appeals pro se the district court's summary judgment in favor of his employer, the Secretary of the United States Department of Defense ("Secretary"), in Tchakmakjian's action alleging that he was discriminated against on account of his race and national origin in violation of Title VII, 42 U.S.C. § 2000e. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Tchakmakjian contends that the district court erred by granting summary judgment for the Secretary because Tchakmakjian established a prima facie case of discrimination on account of his race and national origin. This contention lacks merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. See Baqdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996i. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id.
 
 
 5
 If the plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence that it had legitimate non-discriminatory reasons for the employment decision. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990). If the employer carries its burden, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the employer's reasons offered were a pretext for discrimination. See id.
 
 
 6
 Here, even if Tchakmakjian had established a prima facie case of race and national origin discrimination, we agree with the district court that the Secretary has provided legitimate nondiscriminatory reasons for its employment actions and that Tchakmakjian has failed to establish that the Secretary's reasons were a pretext for discrimination. See id. Accordingly, the district court did not err by granting summary judgment for the Secretary. See Baqdadi, 84 F.3d at 1197.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Tchakmakjian's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Tchakmakjiannn's motion to augment the record on appeal is denied